No. 22,951.

MARTIN L. PENN, *Appellee*, v. SWIFT & COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Evidence—Inconsistent Findings—New Trial*. In an action under the workmen's compensation law, the evidence, findings and verdict are examined, and *held*, that the findings are inconsistent with the undisputed evidence and that the amount of the verdict cannot be sustained upon any theory consistent either with the special findings or with the undisputed facts, and therefore a new trial is ordered on the sole issue as to the amount of compensation to which the plaintiff is entitled.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed February 12, 1921. Reversed.

*Russell Field*, of Kansas City, Mo., for the appellant.
*David F. Carson*, and *William K. Ward*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was under the workmen's compensation law. From a judgment in plaintiff's favor the employer appeals and claims that the court erred in refusing to grant a new trial on the ground that the verdict of the jury was for an excessive amount and in conflict with the special findings and with the undisputed evidence.

On January 21, 1919, the plaintiff, while at work in the packing house of Swift & Company received accidental injuries which resulted in inguinal hernia on the right side. A successful operation for this was performed by his physician and 14 weeks after his injuries the plaintiff went to work in the packing house of Morris & Company at the same line of employment. During the 38 weeks previous to the trial, which occurred just one year from the time his injuries were received, he had been paid on the average considerably higher wages than while in the employ of the defendant. This is explained to some extent by the increased wages that were paid laborers generally during 1919.

The evidence showed that his average weekly earnings while in the employ of the defendant was $27.44 per week and the jury made a finding to that effect. They found, however, that his weekly earnings since the accident and while in the employ of Morris & Company was only $26.72. The defendant insists that the latter finding is in direct conflict with the plaintiff's own evidence which showed that he received as high as $38 per week while working for Morris & Company after he recovered from the operation.

The plaintiff's physician testified that the operation which was performed by another physician, was a skillful and successful one but that, in his opinion, the plaintiff's vitality was not up to what it should be in a young man of his age; that the right scrotal region was swollen, tender to touch, and the circulation on that side not as good as on the other. Another physician called by plaintiff testified he had examined him at the time of the trial and found him suffering from a hydrocele on the right side; that an operation for hydrocele is one that is readily performed by a skillful physician, and that in 98 per cent of the cases the operation is entirely successful. He further testified that he did not consider the hydrocele as resulting from plaintiff's rupture. The defendant insists that on the undisputed facts the jury should have found that the slight, partial incapacity of the plaintiff is the result solely of his neglect or refusal to submit to the very simple operation for hydrocele and further, that no explanation or evidence was offered for his refusal to submit to such an operation.

It is conceded that plaintiff is entitled to $150 for medical attention and that for total incapacity, which lasted for thirteen weeks, he was entitled to fifteen dollars per week, which would amount to $195. Notwithstanding the jury's special finding to the effect that the difference between his average weekly earnings prior to his injury and the average while in the employ of Morris & Company was but seventy-two cents per week, the jury returned a verdict allowing him a judgment in the aggregate for $1,792. The court instructed that the plaintiff was entitled to recover as compensation for partial incapacity caused by his injury a sum equal to sixty per cent of the difference between his average weekly earnings

prior to his injury and the average that he had been and will be able to earn after such injury for the 402 weeks remaining of the statutory period.

The principal contention of the defendant is that after allowing plaintiff the $195 total disability for thirteen weeks and $150 hospital and medical fees, and 60 per cent of the difference in earnings as found by the jury, which was 43 cents per week, the verdict and judgment should have been for $517.86. Plaintiff's evidence showed that when he first went to work at the Morris packing plant after his injury he told his foreman that he had been recently operated on for hernia and the foreman told him not to lift anything he thought he couldn't lift and that he, the foreman, would see that plaintiff got plenty of help. The plaintiff further testified that although he had been earning thirty-eight dollars per week with Morris & Company, he was not able to do as much work as he had before his injury on account of his physicial condition.

In his brief counsel for the plaintiff suggests as a plausible explanation for the amount of the verdict that in addition to the $195 total disability and $150 medical attendance, the jury found plaintiff's partial incapacity to the time of the trial to be 60 per cent of seventy-two cents per week for thirty-eight weeks which would be $16.34, and that they then allowed him 60 per cent of what they considered the difference in his earning capacity would be after the trial and during the remaining portion of the statutory period, and fixed that amount at $1,430.66. The difficulty with this theory is the absence in the evidence of any basis upon which the jury would be warranted in finding such an amount, and of course, the jury had no right to arrive at their verdict upon mere speculation. There was no testimony indicating that after the trial plaintiff's condition and capacity to earn would be any different from what it was the day before the trial.

In our opinion the verdict cannot be sustained by the evidence, but we do not think we would be justified in ordering judgment for the amount of $517.86 which defendant insists is the extent of its liability. We think there should be a new trial on the single issue of the extent of plaintiff's partial incapacity, leaving also for further inquiry how far that question is affected by the duty, if any, resting upon the plaintiff

to submit to an operation for hydrocele which would wholly or partially relieve him from any further incapacity.

What is called an abstract but which is, in fact, a transcript, was filed by the defendant. There was no dispute over the fact that plaintiff received his injuries in the course of his employment, and that both parties were under the compensation act is conceded. There was, therefore, no cause for loading the abstract with copies of the pleadings. There was no occasion to print the long drawn out verbal controversies over the introduction of evidence on issues which were finally agreed upon before the case was submitted to the jury. Whatever testimony was necessary to show in the abstract should have been abstracted. Instead of a paper book consisting of more than 100 pages, one consisting of 20 pages could have been prepared which would have more readily served every purpose. The cost of the abstract will be taxed to defendant.

The judgment is reversed and a new trial ordered.